Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
Brooke A. Brown, State Bar No. 242815
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
mgoodin@ebglaw.com
bbrown@ebglaw.com

Attorneys for Defendant,
AMERICAN ASSOCIATION OF RETIRED PERSONS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORENO,<br><br>         Plaintiff,<br><br>    v.<br><br>AMERICAN ASSOCIATION OF RETIRED PERSONS, et al., and DOES 1 to 20, inclusive,<br><br>         Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441; DECLARATION OF NANCY CARIELLO IN SUPPORT THEREOF** |

**PLEASE TAKE NOTICE** that Defendant AARP ("Defendant") contemporaneously with the filing of this notice, hereby removes Case No. 34-2009-00066085, *Michael Moreno v. American Association of Retired Persons, and Does 1 through 20, Inclusive,* an action from the Superior Court in the State of California for the County of Sacramento ("State Court Action"), to the United States District Court for the Eastern District of California. Defendant removes the State Court Action under 28 U.S.C. §§ 1331 and 1441, on the factual and legal grounds discussed below.

///

///

///

## I.     PLEADINGS, PROCESS AND ORDERS

1. On December 7, 2009, the above-captioned action was commenced in the Superior Court of the State of California for the County of Sacramento, entitled <u>Michael Moreno v. American Association of Retired Persons, and Does 1 through 20, Inclusive</u>, and assigned Case No. 34-2009-00066085 ("Complaint"). Defendant was served with the Summons and Complaint on January 27, 2010. True and correct copies of Plaintiff's Summons and Complaint, Certificate of Service, Civil Case Cover Sheet, Alternative Dispute Resolution Information Sheet, Civil Department Assignment Information, and Program Notice are attached hereto and incorporated herein by reference as **Exhibit A**.

2. On February 16, 2010, Defendant was served with a First Amended Complaint, which was filed on the same date. A true and correct copy of the First Amended Complaint and Certificate of Service is attached hereto as **Exhibit B.**

3. The above documents constitute all pleadings, process and orders served on Defendant in the state action and are attached in accordance with 28 U.S.C. Section 1446(a).

## II.     DIVERSITY JURISDICTION

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to the United States District Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441 in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### Citizenship

5. Defendant is informed and believes that Plaintiff was, at the time of filing of this action, and still is, a citizen of the State of California.

6. Defendant was, at the time of the filing of this action, and still is, an Internal Revenue Code section 501(c)(4) non-profit corporation formed under the laws of Washington, DC, and has its principal place of business in Washington, DC. *See* Declaration of Nancy Cariello, ¶ 2. While Plaintiff alleges that he was employed by AARP-CA, that is merely Defendant's California office, and is not a corporation or business entity separate from

1  Defendant AARP. *Id.* Defendant, therefore, is a citizen of Washington, DC. It is also the only
2  defendant named in this action.
3      7.    The requirements for diversity jurisdiction as set forth in 28 U.S.C. Section
4  1332(a) are met because the Plaintiff and Defendant are citizens of different states.

**Amount In Controversy**

6      8.    The amount in controversy exceeds the sum of $75,000.00, exclusive of interest
7  and costs.
8      9.    Where, like here, the complaint is silent as to the amount in controversy, a
9  removing defendant may establish that the amount in controversy exceeds the sum of $75,000.00
10 either by demonstrating that it is "facially apparent" from the complaint that the claims likely
11 exceed the requisite amount, or by setting forth facts in the notice of removal that support a
12 finding of the requisite amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir.
13 1997). Punitive damages may be considered in determining the amount in controversy if they are
14 recoverable as a matter of state law. *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315
15 (7th Cir. 1997); *Haase v. Aerodynamics Inc.*, 2009 U.S. Dist. LEXIS 96563 (E.D. Cal. 2009).
16 Attorney's fees may also be considered in determining the amount in controversy if such fees are
17 recoverable by plaintiff, either by statute or by contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d
18 1150, 1155-56 (9th Cir. 1998).
19     10.    Plaintiff asserts claims for race discrimination, national origin discrimination, and
20 retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), and
21 wrongful termination in violation of public policy. At the time of Plaintiff's departure from
22 AARP in September 2008, his base annual salary, not including the value of his employee
23 benefits, was $90,276.73. *See* Declaration of Nancy Cariello, ¶ 3. Plaintiff seeks damages
24 including lost wages, emotional distress, and punitive damages. Plaintiff also seeks to recover
25 his reasonable attorneys' fees. *E.g.*, Complaint, ¶¶ 82-83, 102-105. In *White v. FCI, Inc.*, 319
26 F.3d 672 (5th Cir. 2003), the court held that it was "facially apparent" that plaintiff's wrongful
27 termination claim exceeded $75,000.00 based on plaintiff's lengthy list of compensatory and
28 punitive damages combined with a claim for attorneys' fees. The same is true here. Indeed,

- 3 -

1  given that Plaintiff's base salary was in excess of $90,000.00, damages equaling only one year's
2  worth of lost wages would be sufficient to exceed the requisite amount in controversy. *See also*,
3  *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753 (E.D. Cal. 2007) (it was
4  facially apparent that plaintiff's pregnancy discrimination claim under FEHA met the requisite
5  amount in controversy where damages sought included back pay, emotional distress damages,
6  punitive damages, and attorney's fees); *Yong v. Hyatt Regency Sacramento*, 2007 U.S. Dist.
7  LEXIS 9492 (E.D. Cal. 2007) (plaintiff's claims included race discrimination under FEHA;
8  "[a]lthough the amount in controversy is not facially apparent, it is clear from the nature of
9  Yong's claims for compensatory damages, emotional distress damages, punitive damages, and
10 attorneys fees that the action seeks relief well above the amount in controversy requirement.").

11     11.    Given the damages sought in Plaintiff's Complaint, the amount-in-controversy
12 requirement of 28 U.S.C. Section 1332(b) has been met, and this action is removable to this
13 Court pursuant to 28 U.S.C. Section 1441.

14 **III.   TIMELINESS OF REMOVAL**

15     12.    This Notice of Removal is timely filed in that it is filed within 30 days
16 of service on Defendant of the Summons and Complaint, which service was accomplished on
17 January 27, 2010, and is filed within one year of December 7, 2009, the date on which the initial
18 Complaint was filed.

19     13.    For all of the foregoing reasons, this Court has original jurisdiction under 28
20 U.S.C. Section 1332 and Section 1441.

- 4 -

## IV. VENUE

1. <u>Venue</u>  Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1441, because Plaintiff's state court complaint was filed in a California Superior Court within this District. 28 U.S.C. § 84(b).

14. <u>Intradistrict Assignment</u>  Pursuant to Local Rule 3-120(d), intradistrict venue properly lies in the Sacramento Division because Plaintiff's state court complaint was filed in the Superior Court in and for the County of Sacramento.

DATED: February 24, 2010                    EPSTEIN BECKER & GREEN, P.C.


                                            By:   /s/ Matthew A. Goodin
                                                  Steven R. Blackburn
                                                  Matthew A. Goodin
                                                  Brooke A. Brown
                                                  Attorneys for Defendant
                                                  AMERICAN ASSOCIATION OF
                                                  RETIRED PERSONS

## DECLARATION OF NANCY CARIELLO

I, Nancy Cariello, the undersigned, hereby declare and say as follows:

1. I am currently employed by Defendant AARP as a Senior Manager in Human Resources in AARP's Lakewood, California office. I have direct and personal knowledge of the facts stated herein and, if called and sworn as a witness, I would and could testify competently to the truth of the matters set forth herein. I submit this declaration in support of Defendant's Removal of the State Court Action.

2. Defendant was at the time of the filing of this action, and still is, an Internal Revenue Code section 501(c)(4) non-profit corporation formed under the laws of Washington, DC, and has its principal place of business in Washington, DC. AARP has offices in every state, but these state offices are not business entities or corporations separate from AARP.

3. At the time of Plaintiff's departure from AARP in September 2008, his base annual salary, not including the value of his employee benefits, was $90,276.73.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24 day of February, 2010, at Lakewood, California.

_Nancy E. Cariello_
Nancy Cariello

- 6 -

NOTICE OF REMOVAL OF ACTION